FILED
U.S. DISTRICT COURT
2017 MAR 13  ᴾ 2: 31
DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| RONALD EARL HILLS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PILOT CORPORATION, a Tennessee corporation, and EP ENERGY E&P COMPANY L.P., a Delaware corporation,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br><br><br>Case No. 2:16-cv-934<br><br>Judge Dee V. Benson |

Before the Court are Defendant, Pilot Corporation's ("Pilot") Motion for Summary Judgment [Dkt. 18] and Plaintiff's Motion for Leave to File an Amended Complaint [Dkt. 19]. The summary judgment motion has been fully briefed. The motion to amend the Complaint has not been responded to by Defendants and the time for responding has passed. Neither party requested oral argument on either motion. Having considered the written arguments of the parties and based on the relevant facts and law, the Court hereby enters the following Order.

## BACKGROUND

Plaintiff, a former semi-truck driver for H & H, brought this suit alleging one count of negligence against Pilot Corporation and EP Energy E&P Company ("EP Energy"). He seeks

1

damages for injuries he sustained when he fell from the top of the tank his truck was hauling. The undisputed facts establish that H & H entered into an equipment lease and independent contractor agreement with Flying J on April 1, 2008, to lease tank trailers. In 2010, Flying J was acquired by Pilot Travel Centers which is owned by Pilot Corporation.

Plaintiff began working for H & H in 2012. His job was to drive to various locations to collect oil and then deliver the oil to the Big West Refinery in North Salt Lake, Utah. On August 24, 2012 at 3:00 am, Plaintiff was on his route in Duchesne, Utah loading oil from a site owned by Defendant EP Energy. The Complaint alleges that this particular site had no bottom-loading option so oil had to be loaded from the top of the trailer. Plaintiff climbed on top of the trailer, opened the dome lid, attached the load hose to the pipe and started to release the oil. As he attempted to adjust the hose, he slipped and fell twelve feet to the ground, sustaining personal injuries.

## PILOT'S MOTION FOR SUMMARY JUDGMENT

### Legal Standard

Summary Judgment is proper where there is no genuine issue of material fact for determination, and the moving party is entitled to judgment as a matter of law." *Durham v. Herbert Olbrich GMBH & Co.*, 404 F.3d 1249, 1250 (10th Cir. 2005). When addressing a summary judgment motion, the court is required to "view the facts and draw reasonable inferences in the light most favorable to the party opposing the summary judgment." *Cavanaugh v. Woods Cross City*, 625 F.3d 661, 662 (10th Cir. 2010).

Analysis

Pilot Corporation contends that, as a separate entity from Pilot Travel Centers, it is not a party to the contract with H & H, and therefore owed no duty to Plaintiff. Accordingly, it alleges it is not a proper defendant in this case.

To establish a claim for negligence, a plaintiff must prove four essential elements: (1) the defendant owed the plaintiff a duty; (2) the defendant breached that duty; (3) the breach of duty was the proximate cause of the plaintiff's injury; and (4) the plaintiff suffered injuries or damages. *Webb v. University of Utah*, 125 P.3d 906 (Utah 2005). "A plaintiff must show, as a threshold matter, that the defendant owed him a duty." *Ferree v. State*, 784 P.2d 149, 151 (Utah 1989).

The duty that Plaintiff alleges Pilot Corporation owed him arises out of his allegation that Pilot Corporation owned the trailer that Plaintiff was hauling at the time of the accident. The undisputed facts, however, establish that Pilot Corporation does not and did not own the trailer. Pilot Corporation is not a party to the contractual lease agreement between Flying J and H & H. Flying J was acquired by Pilot Travel Centers in 2010. While Pilot Corporation owns Pilot Travel Centers, the companies are separate entities. In August of 2012, Pilot Travel Centers leased the trailer at issue to H & H through its subsidiary, Flying J.

The Court finds that, based on the undisputed facts in the record, Plaintiff has not established that Pilot Corporation owed any duty to Plaintiff that could make it liable for negligence under the facts alleged. Accordingly, the Court finds that Pilot Corporation is not

proper defendant and should be dismissed without prejudice from this case.[1]

## PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

Plaintiff's motion for leave to amend the Complaint seeks to add Pilot Travel Centers and Flying J Corp. as defendants pursuant to Federal Rules of Civil Procedure 15(a) and 20(a). The proposed Amended Complaint includes Pilot Corporation as a named defendant but does not allege that it owned the trailer. Rather, it alleges that Pilot Corporation's liability is based soley on its status as the parent company of Pilot Travel Centers and that the two companies share the same business address and have officers and directors in common. It does not, however, allege any specific facts that would give rise to an independent duty owed by Pilot Corporation to Plaintiff in this case.

Under Federal Rule of Civil Procedure 15(a), leave to amend pleadings should be freely given "when justice so requires." In determining whether leave to amend should be granted, courts consider the presence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Frank v. U.S. West, Inc.*, 3 F.2d 1357, 1365 (10th Cir. 1993). The Court finds none of those factors here with regard to Pilot Travel Centers or Flying J Corp. This is Plaintiff's first request to amend his Complaint and it is timely made.

---

[1] If, during the course of discovery in this matter, Plaintiff discovers facts that would establish that Pilot Corporation owed him a duty independent of ownership of the trailer, the Court will entertain a motion by Plaintiff to amend the Complaint to add Pilot Corporation as a defendant at that point.

Rule 20(a) of the Federal Rules of Civil Procedure allows a plaintiff to join a person as a defendant if the liability between the new and existing defendants would be joint or several; or in the alternative, if the plaintiff's right to relief against the new defendant arises out of the same transaction or occurrence "and if any question of law or fact common to all defendants will arise in the action." Fed.R.Civ.P. 20(a)(2)(A) & (B). Plaintiff's allegations against Pilot Travel Centers and Flying J Corp. arise out of the same incident on August 24, 2012 as those against EP Energy. The allegations against these companies involve common questions of law and fact.

Accordingly, the Court hereby GRANTS Plaintiff's motion for leave to amend his Complaint to add Pilot Travel Centers and Flying J Transportation as defendants. Because the proposed Amended Complaint fails to assert any facts that would support a duty owed to Plaintiff by Pilot Corporation, the motion is DENIED with respect to including Pilot Corporation as a defendant.

## CONCLUSION

Defendant Pilot Corporation's Motion for Summary Judgment is hereby GRANTED without prejudice. Plaintiff's Motion for Leave to Amend the Complaint is hereby GRANTED in PART and DENIED in PART.

IT IS SO ORDERED.

DATED this 13th day of March, 2017.

_Dee Benson_
Dee Benson
United States District Judge